# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA DIBRUNO and LOUIS DIBRUNO, h/w : <br> Plaintiffs <br> vs. <br> JAMES SCOTT <br> Defendant. | NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 <br> (Diversity Jurisdiction) <br><br> FILED JUN 2 1 2010 MICHAEL E. KUNZ, Clerk By_____Dep. Clerk <br><br> 10 -295 |

## NOTICE OF REMOVAL OF CIVIL ACTION
## UNDER 28 U.S.C. §§ 1441 AND 1446

Defendant, James Scott, by and through his attorneys, Moore & Riemenschneider, LLC submits this Notice of Removal of this action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441. In support of this removal, Defendant states the following:

1. On May 25, 2010, an action was commenced in the Philadelphia County Court of Common Pleas, entitled <u>Debra DiBruno, et al. vs. James Scott</u>, No. 100503342. A true and correct copy of the Complaint and all other process, pleadings and orders served upon the Defendant are attached as Exhibit A as provided in 28 U.S.C. § 1446(a).

2. On May 25, 2010, Debra DiBruno and Louis DiBruno ("the Plaintiffs") mailed a copy of the Complaint to Defendant's insurance carrier, which received it on May 27, 2010 and faxed it to Defendant's counsel on June 8, 2010.

3. Defendant files this Notice of Removal within on year of the date the action was originally filed and within thirty days of receipt of the Complaint by the Defendant. Removal is accordingly timely.

4. Promptly after filing this Notice of Removal, Defendants shall give written notice of the removal to Plaintiffs by and through their designated counsel and to the Prothonotary of the Philadelphia Court of Common Pleas as provided in 28 U.S.C. § 1446(d).

## JURISDICTION

5. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in that Plaintiffs and Defendant are residents of different states at the time the action was commenced and the amount in controversy as alleged by the plaintiffs exceeds $75,000.00.

## DIVERSITY JURISDICTION

6. A district court has jurisdiction over cases wherein the parties reside in different states and the amount in controversy as alleged by the plaintiff exceeds $75,000.00. See 28 U.S.C. § 1332.

7. The Plaintiffs, Debra DiBruno and Louis DiBruno, as alleged in their Complaint, are residents of Pennsylvania and reside at 2539 South Mildred Street, Philadelphia, PA 19148. See Exhibit A.

8. Defendant, James Scott, is a New Jersey resident and resides at 102 Independence Drive, Deptford, NJ 08096. A true and correct copy of an Affidavit executed by the Defendant is attached as Exhibit B.

9. The parties are residents of different states.

10. Plaintiffs have alleged that the Defendant caused a motor vehicle accident that occurred on June 6, 2008. See Exhibit A.

11. Plaintiff, Debra DiBruno alleges that as a result of the accident, she has,

"sustained severe and permanent internal and external injuries in and about the head, body and limbs, more particularly, musculoskeletal strain, tingling in head, neck and left shoulder pain, nausea and headache, cervical, lumbosacral sprain and strain complicated by degenerative joint and disc disease of both the cervical and lumbar spine, disc bulges at L3 and L4, right shoulder rotator cuff tear, cervical and lumbosacral sprain and strain, exacerbation of spinal discogenic degenerative disease, radiculitis, right shoulder impingement with partial rotator cuff tear, subacromial bursitis, acromioclavicular joint dengerative joint disease requiring arthroscopic surgery for subacromial bursectomy, debridement of bursal sided partial thickness rotator cuff tear, acromioplasty and resection of distal clavicle, right shoulder post-operative synovitis and adhesive capsulitis (frozen shoulder), lumbar spine minimal disc bulging at L3-4; cervical spine – multilevel cervical spondylosis most advanced at C5-6, not significant cord impingement morderate to severe left and moderate right neuro foraminal stenosis at C5-6, Right shoulder – small partial thickness tear with tendinosis of the supra spinatus tendon, hypertrophic changes of acromioclavicular joint which in the proper clinical setting may be contributory to impingement, Right shoulder – partial thickness tear with tendinosis of the supra spinatus tendon, hypertrophic changes of the acromial clavicular joint which may be contributing to impingement, Cervical Spine – bilateral C6 radiculopathy, moderate on the right, mild on the left, cervical radiculopathy secondary to multi-level cervical spondylosis and foraminal stenosis, lumbar radiculopathy secondary to bulging disc at L3 with right sacroilitis along with right rotator cuff tear, cervical radiculopathy secondary to multi-level herniated and bulging cervical discs, occipital headaches and pain in the pericoccygeal area requiring intralaminar epidural steroid injection at C6-7 under fleuroscopic guidance, bilateral greater and lesser occipital nerve blocks, percutaneous supra coccygeal injection times two, lumbar radiculopathy secondary to a bulging disc at L3 with right sacroilitis requiring caudal epidural steroid injection under fleuroscopic guidance and right sacroiliac joint injection under fleuroscopic guidance times two, right shoulder rotator cuff impingement with partial rotator cuff tear, subacromial bursitis, acromioclavicular joint degenerative joint disease requiring arthroscopic surgery for subacromial bursectomy, debridement of bursal sided partial tickness rotator cuff tear, acromioplasty and resection of the distal clavicle, right shoulder – minimal fluid accumulation along the bicep tendon sheath seen antiorly in the bicipital tendon groove..."

See Exhibit A, ¶ 9.

12.     Plaintiff, Debra DiBruno alleges that some or all of her injuries are permanent. See Exhibit A, ¶ 9.

13.     Plaintiffs allege that Plaintiff, Debra DiBruno "has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to

treat and cure herself of her said injuries and will be obligated to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss." See Exhibit A, ¶ 10.

14. Plaintiffs allege that Plaintiff, Debra DiBruno "has and/or may suffer an impairment of her earning capacity and/or power which earning capacity an/or power has and/or may exceed the sum recoverable under the limitation of the Pennsylvania Motor Vehicle Financial Responsibility Law" See Exhibit A, ¶ 11.

15. Plaintiffs allege that Plaintiff, Debra DiBruno "has and will hereinafter incur additional financial and/or medical expenses or losses which will exceed amounts, which she may other be entitled to recovery under the Pennsylvania Motor Vehicle Financial Responsibility Law" See Exhibit A, ¶ 12.

16. Plaintiffs' Complaint seeks damages in excess of $50,000.00 for Plaintiff, Debra DiBruno's claims. See Exhibit A.

17. Plaintiff, Louis DiBruno, has alleged a loss of consortium claim in which he is also seeking damages in excess of $50,000.00. See Exhibit A.

18. Plaintiffs have not filed a Stipulation of Amount in Controversy with the Philadelphia County Prothonotary limiting their alleged damages to less than $75,000.00.

19. Plaintiffs' alleged amount in controversy therefore must be said to exceed $75,000.00.

20. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## VENUE

21. Removal to the United States District Court for the Eastern District of Pennsylvania is proper because the Complaint was filed in Philadelphia County, Pennsylvania. See 28 U.S.C. § 1441(a).

WHERERFORE, Defendant, James Scott, gives notice that the above-described action pending against him in the Philadelphia County Court of Common Pleas, is removed to this Court.

Respectfully submitted,

_____
ANDREW P. MOORE, ESQUIRE
**Moore & Riemenschneider, LLC**
1132 Old York Road
Abington, PA 19001
215-885-3500
*Attorney for Defendant,*
*James Scott*

DATE: 6/1/10

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___17th___ day of ___Ju___, 2010, I caused to be mailed a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446**, via first class U.S. mail, postage prepaid, to the following:

Arthur S. Novello, Esquire
1315 Walnut Street – 12th Floor
Philadelphia, PA 19107-4712

Mr. Joseph Evers
Philadelphia County Prothonotary
Court of Common Pleas
City Hall – Room 284
Philadelphia, PA 19107

**FILED**

JUN 2 1 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

_____
ANDREW P. MOORE, ESQUIRE
**Moore & Riemenschneider, LLC**
1132 Old York Road
Abington, PA 19001
215-885-3500
*Attorney for Defendant,*
*James Scott*

**EXHIBIT "A"**

| | |
|---|---|
| DASHEVSKY, HORWITZ, KUHN AND NOVELLO, P.C. <br> By: ARTHUR S. NOVELLO, ESQUIRE <br> Identification Number: 46685 <br> 1315 Walnut Street, 12th Floor <br> Philadelphia, PA 19107 <br> (215) 546-4488 | MAJOR NON-JURY MATTER <br><br> Attorney for Plaintiffs |
| DEBRA DIBRUNO and LOUIS DIBRUNO, h/w <br><br> vs. <br><br> JAMES SCOTT | PHILADELPHIA COUNTY <br> COURT OF COMMON PLEAS <br> TRIAL DIVISION <br><br> MAY TERM, 2010 <br><br> No.: |

## NOTICE TO PLEAD

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

| | |
|---|---|
| DASHEVSKY, HORWITZ, KUHN AND NOVELLO, P.C. <br> By: ARTHUR S. NOVELLO, ESQUIRE <br> Identification Number: 46685 <br> 1315 Walnut Street, 12th Floor <br> Philadelphia, PA 19107 <br> (215) 546-4488 | MAJOR NON-JURY MATTER <br><br> Attorney for Plaintiffs |
| DEBRA DIBRUNO and LOUIS DIBRUNO, h/w <br> 2539 South Mildred Street <br> Philadelphia, PA 19148 <br><br> vs. <br><br> JAMES SCOTT <br> 608 Addison Street <br> Philadelphia, PA 19147 | PHILADELPHIA COUNTY <br> COURT OF COMMON PLEAS <br> TRIAL DIVISION <br><br> MAY TERM, 2010 <br><br> NO.: |

## CIVIL ACTION

1.  Plaintiff, Debra DiBruno and Louis DiBruno, are husband and wife and individuals who reside at 2539 South Mildred Street, Philadelphia, PA 19148.

2.  Defendant, James Scott, is an individual who resides at 608 Addison Street, Philadelphia, PA 19147.

3.  On or about June 6, 2008, the plaintiff, Debra DiBruno was a passenger in a certain motor vehicle owned and operated by Tiffany DiBruno involved in the accident, hereinafter more specifically set forth.

4.  On or about June 6, 2008, defendant, James Scott did own, operate, possess, and control another certain motor vehicle involved in the accident, hereinafter more specifically set forth.

5.  On or about June 6, 2008, the motor vehicle within which the plaintiff, Debra DiBruno was a passenger was proceeding in a southbound direction on 6th Street at or near its

intersection with Addison Street, public highways in the City and County of Philadelphia, Commonwealth of Pennsylvania.

6. On or about June 6, 2008, the motor vehicle operated by defendant, James Scott was proceeding eastbound on Addison Street, and as it approached the intersection with 6th Street, it was so carelessly, recklessly, and negligently operated and controlled that it was caused to suddenly and without warning disregard a stop sign and violently strike the vehicle plaintiff was occupying, which vehicle was then and there lawfully proceeding, as a result of which plaintiff, Debra DiBruno sustained serious personal injuries, hereinafter more specifically set forth.

7. At the time and place aforesaid, the carelessness and negligence of the defendant, James Scott, consisted of the following:

    a) Operating the said automobile at a high and excessive rate of speed under the circumstances;

    b) Failing to have the said vehicle under proper and adequate control;

    c) Failing to give proper and sufficient notice of his approach;

    d) Operating the said vehicle without due regard for the rights, safety, and position of the plaintiff, Debra DiBruno;

    e) Violating the various ordinances and laws of the City and County of Philadelphia, and/or the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

    f) Failing to exercise due care and caution under the circumstances;

    g) Failing to maintain an assured clear distance;

    h) Failing to maintain a proper lookout;

  I)  Disregarding traffic controls and/or conditions;

  j)  Being inattentive;

  k)  Being otherwise negligent under the circumstances;

  l)  Any other acts or omissions which constitute negligence, carelessness, and/or reckless indifference for the safety of the plaintiff, Debra DiBruno, and that are discovered in the discovery process as promulgated by the Pennsylvania Rules of Civil Procedure or at the trial of the case.

## COUNT ONE
## DEBRA DIBRUNO VS. JAMES SCOTT

8. Plaintiff, Debra DiBruno, incorporates herein by reference the averments contained in paragraph 1 through 7 inclusive, as fully as though the same were herein more fully set forth at length.

9. As a direct result of the defendant, James Scott, carelessness and negligence as aforesaid, plaintiff, Debra DiBruno, sustained severe and permanent internal and external injuries in and about the head, body and limbs, more particularly, Musculoskeletal strain, tingling in head, neck and left shoulder pain, nausea and headache, Cervical, lumbosacral sprain and strain complicated by degenerative joint and disc disease of both the cervical and lumbar spine, disc bulges at L3 and L4, right shoulder rotator cuff tear, Cervical and lumbosacral strain and sprain, exacerbation of spinal discogenic degenerative disease, radiculitis, right shoulder impingement with partial rotator cuff tear, subacromial bursitis, acromioclavicular joint degenerative joint disease requiring arthroscopic surgery for subacromial bursectomy, debridement of bursal sided partial thickness rotator cuff tear, acromioplasty and resection of distal clavicle, right shoulder post-operative synovitis and adhesive capsulitis (frozen shoulder), Lumbar spine - minimal disc

bulging at L3-4; Cervical spine - multi-level cervical spondylosis most advanced at C5-6, no significant cord impingement moderate to severe left and moderate right neuro foraminal stenosis at C5-6, Right shoulder - small partial thickness tear with tendinosis of the supra spinatus tendon, hypertrophic changes of acromioclavicular joint which in the proper clinical setting may be contributory to impingement, Right shoulder - small partial thickness tear with tendinosis of the supra spinatus tendon, hypertrophic changes of the achromial clavicular joint which may be contributing to impingement, Cervical spine - bilateral C6 radiculopathy, moderate on the right, mild on left, Cervical radiculopathy secondary to multi-level cervical spondylosis and foraminal stenosis, lumbar radiculopathy secondary to bulging disc at L3 with right sacroilitis along with right rotator cuff tear, Cervical radiculopathy secondary to multi-level herniated and bulging cervical discs, occipital headaches and pain in the pericoccygeal area requiring intralaminar epidural steroid injection at C6-7 under fleuroscopic guidance, bilateral greater and lesser occipital nerve blocks, percutaneous supra coccygeal injection times two, lumbar radiculopathy secondary to a bulging disc at L3 with right sacroilitis requiring caudal epidural steroid injection under fleuroscopic guidance and right sacroiliac joint injection under fleuroscopic guidance times two, Right shoulder rotator cuff impingement with partial rotator cuff tear, subacromial bursitis, acromioclavicular joint degenerative joint disease requiring arthroscopic surgery for subacromial bursectomy, debridement of bursal sided partial thickness rotator cuff tear, acromioplasty and resection of distal clavicle, Right Shoulder - minimal fluid accumulation along the bicep tendon sheath seen anteriorly in the bicipital tendon groove and a severe and permanent shock to her nervous system, as well as various other injuries and conditions that may be established, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and

occupation, all to her great financial damage and loss.

10. Further, by reason of the aforesaid, plaintiff, Debra DiBruno has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

11. As a further result of the accident and the injuries sustained therein, plaintiff has and/or may suffer an impairment of her earning capacity and/or power which earning capacity and/or power has and/or may exceed the sum recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law.

12. As a direct result of the accident aforesaid, plaintiff has and will hereinafter incur additional financial and/or medical expenses or losses which will exceed amounts, which she may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Law.

13. The plaintiff, Debra DiBruno was eligible to seek damages for her economic and non-economic damages losses as hereinbefore more fully set forth as she sustained injuries which are defined as serious by the Pennsylvania Motor Vehicle Financial Responsibility Law.

WHEREFORE, plaintiff, Debra DiBruno, demands judgment against defendant, James Scott, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

## COUNT TWO
## LOUIS DIBRUNO

14. Plaintiff, Louis DiBruno, incorporates herein by reference the averments contained in paragraph 1 through 13 inclusive, as fully as though the same were herein more fully set forth at length.

15. As a direct result of the defendant, James Scott's carelessness and negligence as aforesaid, plaintiff, Louis DiBruno, was for a period of time deprived, may and probably will in the future be deprived of the society, assistance and support of his wife, Debra DiBruno, all of which has been ad will continue to be to his great financial, physical, psychological and emotional damage.

16. WHEREFORE, plaintiff, Louis DiBruno, demands judgment against defendant, James Scott, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

DASHEVSKY, HORWITZ,
KUHN AND NOVELLO, P.C.

BY: _____
ARTHUR S. NOVELLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS

Date: 5/25/10

DASHEVSKY, HORWITZ, KUHN & NOVELLO, P.C.

## VERIFICATION

I, Debra Di Bruno, make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

_/s/ Debra Di Bruno_

Dated: 5/25/10

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBRA DIBRUNO and LOUIS DIBRUNO, h/w :

        Plaintiffs

vs.

JAMES SCOTT

        Defendant.

## FEDERAL AFFIDAVIT OF JAMES SCOTT

Under Oath and subject to the penalties of perjury, I hereby state on my own knowledge and belief that:

1. I am the James Scott named as a defendant in the above-captioned case.

2. I currently reside at 102 Independence Dr., Deptford, New Jersey 08096.

3. I have resided at 102 Independence Dr., Deptford, New Jersey for approximately 10 months.

3. I resided at 102 Independence Dr., Deptford, New Jersey 08096, on May 25, 2010.

Date: 6/14/10

JAMES SCOTT

STATE OF NEW JERSEY

County of Burlington

Personally appeared the above-named James Scott and signed and made oath to the foregoing Federal Affidavit, before me,

Date: 6-14-10

Attorney at Law / Notary Public / Deputy Clerk

MICHAEL McKEON
Notary Public of New Jersey
My Commission Expires April 13, 2014